UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTOPHER E. BROWN, )
an individual, )
                                  )    CASE NO.:
       Plaintiff, )
vs. )
                                  )
53RD WOODLAWN )
KIMBARK SHOPPING CENTER, INC., )
an Illinois Corporation, )
                                  )
       Defendant. )
                                  /

## COMPLAINT

Plaintiff, CHRISTOPHER E. BROWN, through his undersigned counsel, hereby files this Complaint and sues 53RD WOODLAWN KIMBARK SHOPPING CENTER, INC., an Illinois Corporation, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, CHRISTOPHER E. BROWN, (hereinafter referred to as "MR. BROWN"), is a resident of the State of New York, however, he frequently travels to Chicago as a tourist

4. to watch sporting events involving New York baseball and hockey teams and to enjoy the shops, restaurants and other venues in town.

4. Plaintiff is a qualified individual with a disability under the ADA. MR. BROWN suffers from Arthrogryposis, which causes him to be confined to a wheelchair. The condition also causes atrophy in his arms, hands, shoulders, and elbows, which makes it extremely difficult for him to reach for, grip, and manipulate objects.

5. Due to his disability, Plaintiff MR. BROWN is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Defendant, 53RD WOODLAWN KIMBARK SHOPPING CENTER, INC., an Illinois Corporation, (hereinafter referred to as "Kimbark" or "Defendant"), is registered to do business in the State of Illinois. Upon information and belief, Kimbark is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, known as Kimbark Plaza, generally located at 1200 East 53rd Street, Chicago, Illinois 60615.

7. All events giving rise to this lawsuit occurred in the Northern District of Illinois.

### COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property is a shopping center and is open to the public and provides goods and services to the public.

10. Plaintiff has visited the Property, generally located at 1200 East 53rd Street, Chicago, Illinois 60615 during the past year, and attempted to utilize the goods and services offered at the Property.

11. While at the Property, MR. BROWN experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

12. MR. BROWN continues to desire to visit the Property, but fears that he will again encounter serious difficulty due to the barriers discussed herein.

13. MR. BROWN plans to and will visit the Property in the near future to utilize the goods and services offered thereon.

14. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following barriers to access which were personally observed and encountered by Plaintiff:

   A. Plaintiff encountered inaccessible parking due to access aisles with improper dimensions by the main Kimbark Plaza sign and near the Pearle tenant space;

   B. Plaintiff encountered inaccessible parking due to a ramp improperly placed in the access aisle near Harold's Chicken;

   C. Plaintiff encountered inaccessible parking due to excessive slopes throughout, and pavement in severe disrepair near Hyde Park Produce Market and by the main Kimbark Plaza sign;

    D.    Plaintiff encountered inaccessible parking due to inadequate signage marking the disabled use spaces which are placed where they may become obstructed by parked vehicles;

    E.    Plaintiff encountered inaccessible curb cuts throughout the Property due to pavement in disrepair, excessive slopes and lack of smooth transitions; and

    F.    Plaintiff encountered difficulty traversing the sidewalks throughout the Property due to pavement in disrepair and excessive slopes.

15. Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

16. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access discussed herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by Defendant is in violation of the ADA;

B. That the Court enter an Order directing Defendant to alter its facility to make it accessible and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

> Respectfully Submitted,
>
> KU & MUSSMAN, P.A.
> Attorneys for Plaintiff
> 12550 Biscayne Blvd., Suite 406
> Miami, Florida 33181
> Tel: (305) 891-1322
> Fax: (305) 891-4512
>
> By: __/s/ *Michael P. Kelley*__
> KU & MUSSMAN, P.A.
> Attorney for Plaintiff
> Michael P. Kelley, Esq. #6289903
> Kelley Law, LLC

Of Counsel
7055 W. Higgins Rd.
Chicago, IL 60656
Tel: 773-637-9200
Fax: 773-637-4229
Email: mike@michaelkelleylaw.com